UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Angelique Russell, | ) | |
| | ) | Case No. 3:26-cv-00983 |
| Plaintiff, | ) | |
| | ) | Judge William L. Campbell, Jr. |
| v. | ) | |
| | ) | Magistrate Judge Luke A. Evans |
| HCA Healthcare, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER**

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Evans and the presiding District Judge.

A calendar date shall be proposed for each deadline.

**A. JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**B. BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:** Plaintiff Angelique Russell was a Manager of Data Science in HCA's Digital Technology and Innovation department. In February and March 2026, she identified and reported to HCA management, HCA's Director of Responsible AI, and HCA's Compliance department that Timpani, an AI system whose census forecasts help set nurse staffing levels at HCA hospitals, could not be audited or reproduced, contrary to federal regulations that protect patient health and safety. HCA placed her on a pretextual performance improvement plan and terminated her employment on April 3, 2026, days after she escalated her concerns to Compliance. Plaintiff brings claims for retaliatory discharge under the Tennessee Public Protection Act, Tenn.

Code Ann. § 50-1-304, common-law retaliatory discharge, and promissory estoppel, and she seeks back pay, front pay, compensatory and punitive damages, attorneys' fees, interest, and other relief.

**DEFENDANT:** As a threshold matter, Plaintiff's claims fail because Defendant HCA Healthcare, Inc. ("HCA") did not employ her within the meaning of the TPPA as it was not responsible for the terms and conditions of her employment and did not exercise any supervision over her day-to-day job responsibilities. Plaintiff's claims also fail because her actual employer—an indirect subsidiary of HCA—terminated her for lawful, non-retaliatory reasons related to her documented history of deficient performance, which began well before Plaintiff claims she engaged in any protected activity. As Plaintiff acknowledges, she was placed on a performance improvement plan ("PIP") to address her deficient performance. By the expiration of the PIP, Plaintiff's performance had not improved, so her employer terminated her employment for failure to achieve the improvements required. Defendant denies that it or Plaintiff's actual employer violated the Tennessee Public Protection Act and further denies that it is liable to Plaintiff for any of the relief sought in the Complaint.

**C. ISSUES RESOLVED:** Jurisdiction and venue.

**D. ISSUES STILL IN DISPUTE:** Liability and damages.

**E. INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before October 28, 2026.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 2 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution

plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, or by Click or tap here to enter text. , the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

**G. DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before May 28, 2027. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than February 23, 2027. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful

to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than April 13, 2027.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than December 2, 2026.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before June 25, 2027. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before July 23, 2027. All expert witnesses shall be deposed on or before August 23, 2027.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with

Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

**J. NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**K. DISPOSITIVE MOTIONS:**

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than July 15, 2027. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's

approval of their agreement, they shall file it as a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

**M. MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the 5 requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed, including for use as exhibits at trial, must file a motion to seal in accordance with Local Rules 5.03 and 7.01, which motion must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the

attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**O. USE OF GENERATIVE ARTIFICIAL INTELLIGENCE:**

Generative artificial intelligence ("AI") platforms used by attorneys to aid in drafting court filings have been shown to produce content that may be fictitious, factually inaccurate, and legally unsound. As a result, attorneys using AI to prepare pleadings, motions, or other filings in this Court are reminded of their obligations under Fed. R. Civ. P. 11(b) and 26(g), and their ethical obligations under the applicable rules of professional conduct. "New technologies . . . are no substitute for tried-and-true safeguards managed by practicing attorneys. Attorneys have an ethical obligation to verify the citations and propositions they submit to courts; that obligation reflects duties of competence and candor that apply no matter the tools attorneys use." *United States v. Farris*, 171 F.4th 920, 923 (6th Cir. 2026).

**P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately four days. A trial date no earlier than March 28, 2028 is requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

APPROVED FOR ENTRY:

/s/ Ben H. Bodzy
Ben H. Bodzy (TN BPR No. 23517)
BODZY LAW PLLC
10 Burton Hills Boulevard, Suite 400
Nashville, TN 37215
(888) 215-6060 (phone)
bbodzy@bodzylaw.com

Counsel for Plaintiff

/s/ Devin Dunkley
Robert E. Boston (TN BPR No. 009744)
Devin J. Dunkley (TN BPR No. 040222)
HOLLAND & KNIGHT LLP
Symphony Place
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 244-6380
bob.boston@hkklaw.com
devin.dunkley@hklaw.com

Counsel for Defendant

It is so ORDERED.

____________________________________
LUKE A. EVANS
United States Magistrate Judge